UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COPPE HEALTHCARE SOLUTIONS, INC.,

    Plaintiff,

    v.              Case No. 24-CV-88

BRIGHTSKY, LLC., and
AT&T CORP.,

    Defendants.

---

## DECISION AND ORDER

---

**1. Background**

The City of Pewaukee used defendant AT&T Corp.'s FirstNet service and Brightsky, LLC's servers in its system to alert its employees if problems arose in its sewage system. On January 30, 2023, the pumps at a sewer lift station failed. (ECF No. 1-1, ¶ 29.) Due to problems allegedly attributable to AT&T and Brightsky, Pewaukee's employees were not notified of the failure. (ECF No. 1-1, ¶ 33.) This led to a spill of 130,000 gallons of sewage that flooded property occupied by Coppe Healthcare Solutions, Inc. (ECF No. 1-1, ¶ 30.) Coppe brought this action against AT&T and Brightsky, alleging negligence under Wisconsin law.

AT&T asks the court to dismiss Coppe's complaint. (ECF No. 19.) It argues that Coppe failed to plausibly allege that AT&T owed Coppe a duty or that it breached an alleged duty. (ECF No. 20.)

**2. Motion to Dismiss Standard**

A defendant may move to dismiss a complaint on the grounds that it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At the motion to dismiss stage the court is required to assume that every well-pleaded allegation in the complaint is true and to draw all reasonable inferences in favor of the plaintiff. *O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621 (7th Cir. 2020).

**3. Analysis**

**3.1. Negligence**

The four elements of a negligence claim are "(1) a duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶14, 318 Wis. 2d 622, 768 N.W.2d 568 (brackets omitted) (quoting *Rockweit v. Senecal*, 197 Wis. 2d 409, 418, 541 N.W.2d 742 (1995)).

Under Wisconsin law, in general, "everyone owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others." *Behrendt*, 2009 WI 71, ¶17 (brackets omitted) (quoting *Alvarado v. Sersch*, 2003 WI 55, ¶ 13, 262 Wis. 2d 74, 662 N.W.2d 350)). But the precise contours of a duty "depends on the circumstances under which the claimed duty arises. For example, what is comprised within ordinary care may depend on the relationship between the parties or on whether the alleged tortfeasor assumed a special role in regard to the injured party." *Behrendt*, 2009 WI 71, ¶18 (quoting *Hoida, Inc. v. M&I Midstate Bank*, 2006 WI 69, ¶32, 291 Wis. 2d 283, 717 N.W.2d 17)).

"The concept of duty in Wisconsin, as it relates to negligence cases is inexorably interwoven with foreseeability. Foreseeability is a fundamental element of negligence." *Coffey v. Milwaukee*, 74 Wis. 2d 526, 537, 247 N.W.2d 132, 138 (1976); *see also Morden v. Cont'l AG*, 2000 WI 51, 235 Wis. 2d 325, 355, 611 N.W.2d 659, 674 ("The first element, duty of care, therefore pivots on foreseeability."). "A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable." *A. E. Inv. Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 484, 214 N.W.2d 764, 766 (1974); *Antwaun A. v. Heritage Mut. Ins. Co.*, 228 Wis. 2d 44, 55, 596 N.W.2d 456, 461 (1999).

It is enough that some harm is reasonably foreseeable; it need not be the specific harm alleged. *Morden*, 235 Wis. 2d at 356, 611 N.W.2d at 674 (quoting *Fischer v. Cleveland Punch & Shear Works Co.*, 91 Wis. 2d 85, 97, 280 N.W.2d 280 (1979)); *A. E. Inv. Corp.*, 62 Wis. 2d at 484, 214 N.W.2d at 767 (quoting *Cirillo v. Milwaukee*, 34 Wis. 2d 705, 711, 150 N.W.2d 460, 463 (1967)). Nor need the defendant foresee that the plaintiff specifically could be harmed. *Rockweit*, 197 Wis. 2d at 419-20, 541 N.W.2d at 747 (quoting *A. E. Inv. Corp.*, 62 Wis. 2d at 483, 214 N.W.2d at 766).

Coppe alleges that AT&T advertised FirstNet as suitable for the purposes for which Pewaukee used it and knew that Pewaukee used FirstNet in its monitoring of its sewer and water systems. (ECF No. 1-1, ¶¶ 20-21.) Pewaukee notified AT&T that the system failed tests (ECF No. 1-1, ¶ 22) and did not function as intended (ECF No. 1-1, ¶ 27.) Yet, AT&T did not respond. (ECF No. 1-1, ¶ 28.)

These allegations are sufficient to plausibly allege that AT&T owed a duty to Coppe with respect to the operation of the FirstNet system and its capability to alert city officials of sewer problems. If AT&T knew that its system was used to monitor the operation of Pewaukee's sewer system and to alert city employees of any problems, it is plausible that Coppe will be able to show that AT&T should have foreseen that a failure of the FirstNet network would fail to alert employees of problems in the sewer system, leading to damages.

The court does not read Coppe's claim as alleging that AT&T was obligated to ensure the functioning of Brightsky's routers. Rather, the court understands Coppe to be alleging that AT&T's FirstNet network itself failed in a manner attributable to AT&T. (ECF No. 1-1, ¶ 24.) Granted, there is a lack of clarity as to precisely which aspects of the overall system were attributable to AT&T as opposed to Brightsky and Pewaukee. The relationships, responsibilities, and interactions among these entities may prove crucial, but those are factual matters to be developed through discovery.

The absence of a contractual relationship between Coppe and AT&T does not bar Coppe's claim. Under Wisconsin law, for example, an architect's liability extends not merely to the building owner with whom it contracted but to the tenant that subsequently occupied the building. *A. E. Inv. Corp.*, 62 Wis. 2d at 488, 214 N.W.2d at 769. And a minor given liquor by his underage friends may sue the store that sold the liquor to his friends. *Paskiet v. Quality State Oil Co.*, 164 Wis. 2d 800, 808, 476 N.W.2d 871, 874 (1991).

Coppe's allegations that FirstNet operated effectively at times does not preclude a claim that AT&T was negligent when its system failed to alert Pewaukee employees of the pump failures. What is material is that it allegedly failed when the sewer problem arose.

At this stage, it is unnecessary for Coppe to identify specific facts supporting its allegation that the FirstNet network failed. Such facts would routinely be unavailable to

plaintiffs without the aid of discovery. And *Twombly* and *Iqbal* do not require such facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("As the Court held in *Twombly*, 550 U.S. 544, the pleading standard Rule 8 announces does not require 'detailed factual allegations ….'"). The sorts of conclusory allegations that the Court forsook in *Twombly* and *Iqbal* are those that go no further than, "The defendant was negligent." *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Coppe's allegations go further than the impermissible "unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*.

AT&T correctly notes Coppe does not explicitly allege in its complaint that its property would not have flooded if the FirstNet network would have operated as intended. Nonetheless, this is a reasonable inference drawn from its allegations. In some respects, the implication is so obvious that it is understandable that Coppe overlooked making it explicit. Whether, as a factual matter, that is true is not a question the court can resolve at the motion to dismiss stage. The role, if any, that AT&T had in the series of events that led to the damage of Coppe's property is a matter for discovery, summary judgment, and, if necessary, trial.

The actual facts and circumstances of the case, as they emerge through discovery, may affect the existence, nature, and extent of any duty owed by AT&T. *See Hoida,* 2006 WI 69, ¶31. But at this preliminary stage the allegations in Coppe's complaint are sufficient to state a plausible negligence claim against AT&T.

6
Case 2:24-cv-00088-WED   Filed 07/03/24   Page 6 of 9   Document 38

### 3.2. Public Policy

AT&T alternatively argues that Coppe's complaint should be dismissed on public policy grounds. (ECF No. 20 at 16-19.)

"[N]egligence and liability are distinct concepts." *Alvarado*, 2003 WI 55, ¶17. "After negligence has been found, a court may nevertheless limit liability for public policy reasons." *Id.* Public policy may preclude liability if:

> (1) the injury is too remote from the negligence; (2) the injury is too wholly out of proportion to the tortfeasor's culpability; (3) in retrospect it appears too highly extraordinary that the negligence should have resulted in the harm; (4) allowing recovery would place too unreasonable a burden on the tortfeasor; (5) allowing recovery would be too likely to open the way for fraudulent claims; [or] (6) allowing recovery would enter a field that has no sensible or just stopping point.

*Id.* (quoting *Gritzner v. Michael R.*, 2000 WI 68, 235 Wis. 2d 781, 794-95, 611 N.W.2d 906, 914).

"In most cases, the better practice is to submit the case to the jury before determining whether the public policy considerations preclude liability. Only in those cases where the facts are simple to ascertain and the public policy questions have been fully presented may a court review public policy and preclude liability before trial." *Alvarado*, 2003 WI 55, ¶18; *see also A. E. Inv. Corp.*, 62 Wis. 2d at 484, 214 N.W.2d at 767 (quoting *Pfeifer v. Standard Gateway Theater*, 262 Wis. 229, 240, 55 N.W.2d 29, 35 (1952)) ("If the jury does determine that there was negligence, and that such negligence was a

substantial factor in producing the injury, it is then for the court to decide as a matter of law whether or not considerations of public policy require that there be no liability.").

Coppe's claim implicates significant and complex questions of public policy that are not limited to the two specific arguments raised by AT&T. Given the complexity of those questions and how the facts elicited in discovery may affect them, the court is unable to find that "the question of public policy is fully presented by the complaint," *Sanem v. Home Ins. Co.*, 119 Wis. 2d 530, 539, 350 N.W.2d 89, 93 (1984) (quoting *Haas v. Chicago & North Western Ry. Co.*, 48 Wis.2d at 326–27, 179 N.W.2d 885), such that resolution at this preliminary stage is appropriate.

### 3.3. Motion for a More Definite Statement

Finally, AT&T alternatively moves for a more definite statement under Rule 12(e). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). "Rule 12(e) 'is designed to strike at unintelligibility rather than want of detail.'" *Mason v. Boehlke*, No. 23-CV-367-JPS, 2024 U.S. Dist. LEXIS 39932, at *1 (E.D. Wis. Mar. 7, 2024) (quoting *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009)). "If the pleading fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Id.* at *1-2 (ellipses omitted) (quoting *Gardunio v. Town of Cicero*, 674 F. Supp.

2d 976, 992 (N.D. Ill. 2009)). "'Rule 12(e) motions are generally disfavored,' and are not 'intended to replace traditional discovery.'" *Id.* at *1-2 (ellipses omitted) (quoting *Microthin.com, Inc. v. Siliconezone USA, LLC,* No. 06 C 1522, 2006 U.S. Dist. LEXIS 82976, at *23 (N.D. Ill. Nov. 14, 2006)).

The specific details that AT&T argues are necessary (ECF No. 20 at 20) exceed Coppe's obligations under Rule 8(a). The complaint is neither vague nor ambiguous. It is clear and understandable and sufficient to enable AT&T to prepare a response. Therefore, its alternative motion for a more definite statement will be denied.

**4. Conclusion**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that AT&T's motion to dismiss and in the alternative for a more definite statement (ECF No. 19) is **denied**.

Dated at Milwaukee, Wisconsin this 3rd day of July, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge