UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COPPE HEALTHCARE SOLUTIONS, INC,
        Plaintiff,

v.        Case No. 24-CV-88

BRIGHTSKY, LLC, and
AT&T ENTERPRISES, LLC,
        Defendant,

NAUTILUS INSURANCE COMPANY,
        Intervenor.

## DECISION AND ORDER

Nautilus Insurance Company seeks a declaration that it has no duty to defend or indemnify AT&T Enterprises, LLC[1] with respect to AT&T's dispute with Coppe Healthcare Solution, Inc. (ECF No. 39.) AT&T argues that Nautilus's claim for a declaration that it has no duty to indemnify AT&T is not ripe, and therefore it seeks to dismiss that claim. (ECF No. 46.)

Before a federal court can declare that an insurer is not obligated to indemnify an insured there must be a ripe case or controversy. *See* U.S. Const. Art. III, sec. 2;

---

[1] Coppe Healthcare Solution, Inc. sued "AT&T Corp." AT&T Corp. filed a "Supplemental Corporate Disclosure Statement and Motion to Amend Caption" stating that AT&T Corp was converted into AT&T Enterprises, LLC and therefore it is now the proper party in interest. The motion is granted and AT&T Enterprises, LLC is substituted for AT&T Corp. pursuant to Fed. R. Civ. P. 25(c).

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019). "Declaratory judgment actions are ripe and otherwise justiciable when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Amling*, 943 F.3d at 377 (quoting *MedImmune*, 549 U.S. at 127). "[A] party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 95 (1993).

An insurer's duty to defend its insured against a claim is broader than its duty to indemnify. *Water Well Sols. Serv. Grp. Inc. v. Consol. Ins. Co.*, 2016 WI 54, ¶17, 369 Wis. 2d 607, 881 N.W.2d 285. Thus, Wisconsin courts routinely state that "if there is no duty to defend there is also no duty to indemnify." *Great Lakes Bevs., LLC v. Wochinski*, 2017 WI App 13, ¶15, 373 Wis. 2d 649, 892 N.W.2d 333; *see also Choinsky v. Emplrs Ins. Co.*, 2020 WI 13, ¶16, 390 Wis. 2d 209, 938 N.W.2d 548 ("if the complaint does not allege a covered claim, the insurer has no obligations under the policy"); *Columb v. Cox*, 404 Wis. 2d 50, 74 n.16, 978 N.W.2d 481, 492 (Ct. App. 2022) ("But the duty to defend is broader than, and encompasses, the duty to indemnify, in that the duty to defend implicates arguable and not actual coverage.")). This view has been reiterated by federal courts applying Wisconsin law. *T.H.E. Ins. Co. v. Olson*, 51 F.4th 264, 266 (7th Cir. 2022) ("Absent a duty to defend, the insurer shoulders no duty to indemnify on the alleged facts giving rise to

the underlying injury or harm."); *T.H.E. Ins. Co. v. Spielbauer Fireworks Co.*, 579 F. Supp. 3d 1065, 1068 (E.D. Wis. 2022); *Design Basics LLC v. Fox Cities Constr. Corp.*, No. 13-C-548, 2016 U.S. Dist. LEXIS 35085, at *16 (E.D. Wis. Feb. 9, 2016).

However, the Wisconsin Supreme Court has noted a "hypothetical possibilit[y]" in "isolated instances" where an insurer is obligated to indemnify an insured for a claim it had no duty to defend. *Water Well*, 2016 WI 54, ¶30 n.17. This seemingly paradoxical outcome may arise because the duty to defend is determined by the allegations in the pleadings, *id.* at ¶20, whereas the duty to indemnify is determined by the entire record, *Acuity v. Bagadia*, 2008 WI 62, ¶48, 310 Wis. 2d 197, 750 N.W.2d 817. If subsequently adduced evidence varies from the allegations in the complaint, an insurer could be found obligated to indemnify a claim it had no duty to defend against. The court did not identify any instance where this has occurred.

A finding that an insurer has no duty to defend will almost certainly mean that the insurer has no duty to indemnify its insured as to the pending claim. In many cases, perhaps almost all, there will be no uncertainty that the absence of a duty to defend precludes a duty to indemnify. Notably, the hypothetical recognized by the court in *Water Wells* depended on there arising a difference between the facts alleged in the complaint and those adduced in discovery or at trial. When an insurer's duty to defend against a particular claim depends on legal rather than factual questions, however, the

absence of a duty to defend is more likely to negate any conceivable duty to indemnify. *Cf. Olson*, 51 F.4th at 270.

AT&T has not pointed to any authority establishing that, as a matter of Wisconsin law, a finding of liability *must* precede an indemnification determination.[2] *Cf. Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("It is thus settled in Pennsylvania that the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."). However, as a matter of federal law, the Court of Appeals for the Seventh Circuit has regularly said "that decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (citing *Zavalis*, 52 F.3d at 693 ("The duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir. 1995) ("The duty to indemnify is unripe until the insured has been held liable."); *Travelers Insurance Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992) ("The determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated.")); *see also Med. Assurance Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010) (noting that a duty-to-indemnify claim is not ripe until

---

[2] The Wisconsin Supreme Court stated in *Gen. Cas. Co. v. Hills*, 209 Wis. 2d 167, 176 n.11, 561 N.W.2d 718, 722 (1997), "In this case, we only consider General Casualty's duty to defend, because the duty to indemnify issue must await resolution of the claim brought by Arrowhead against Hills." The court had found that the insurer had a duty to defend. The court's statement reflects only the fact that the duty to defend is broader than the duty to indemnify. Proof of the duty to defend does not prove the duty to indemnify.

liability has been established and the proper resolution is to dismiss such a claim); *Doe v. City of Chi.*, 360 F.3d 667, 672 (7th Cir. 2004) ("We have warned repeatedly against trying to resolve indemnity before liability."); *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168-wmc, 2011 U.S. Dist. LEXIS 166542, at *5 (W.D. Wis. June 8, 2011); *Grace Christian Fellowship v. KJG Invs. Inc.*, No. 07-C-0348, 2011 U.S. Dist. LEXIS 105978, at *14 (E.D. Wis. Sep. 16, 2011); *Casual Dining Dev., Inc. v. QFA Royalties, LLC*, No. 07-CV-726, 2008 U.S. Dist. LEXIS 70586, at *6 (E.D. Wis. Sep. 5, 2008); *Strong v. State*, No. 07-C-86-C, 2007 U.S. Dist. LEXIS 70651, at *3 (W.D. Wis. Sep. 20, 2007).

Relying on this authority, AT&T argues that an indemnification question is never ripe until liability has been determined. But the Seventh Circuit explained that, although its preference is that a finding of liability should precede indemnification decisions, the rule is not absolute. "We have gone the other way where indemnification issues did not hinge on remote contingencies and facts." *Olson*, 51 F.4th at 270 (internal citation omitted) (citing *Amling*, 943 F.3d at 378-79; *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680-81 (7th Cir. 1992)).

Thus, the court in *T.H.E. Insurance Company v. Olson*, 51 F.4th 264 (7th Cir. 2022), affirmed the district court's decision declaring before any finding of liability that an insurer had no duty to indemnify the insured. The Seventh Circuit characterized its conclusion that the absence of a duty to defend negates the duty to indemnify as "a product of Wisconsin's substantive law, which we are bound to apply in a diversity case

like this one." *Id.* at 270. The Seventh Circuit, however, made no mention of *Water Well*, 2016 WI 54, ¶30 n.17, where the court acknowledged the hypothetical possibility of an insurer being obligated to indemnify an insured for a claim it had no duty to defend.

In light of *Olson*, the court must reject AT&T's argument that questions of an insurer's indemnification obligations are never ripe until the insured has first been found liable. Therefore, AT&T's motion to dismiss will be denied. Whether Nautilus's indemnification obligation is too abstract or remote to be ripe will depend on specific facts that have not been addressed in AT&T's motion. *See MedImmune*, 549 U.S. at 127 ("Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (quoting *Maryland Casualty Co. v.Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941))); *see also Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 681 (7th Cir. 1992) (discussing an indemnification claim vis-à-vis standing).

**IT IS THEREFORE ORDERED** that AT&T's motion to dismiss Nautilus's claim for declaratory judgment that it has no duty to indemnify AT&T as to the claims underlying this action (ECF No. 46) is **denied**.

**IT IS FURTHER ORDERED** that AT&T's motion to amend the caption (ECF No. 42) is **granted**.

Dated at Milwaukee, Wisconsin this 20th day of September, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge